UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
HOME LOAN INVESTMENT BANK, F.S.B.,
and SYNERGY REALTY GROUP, INC.,

         Plaintiffs,  MEMORANDUM AND ORDER
               10-CV-4677(JS)(AYS)
  -against-

GOODNESS & MERCY, INC., MARY GILLIAM,
HARRIET A. GILLIAM, NEW YORK STATE
DEPARTMENT OF TAXATION & FINANCE, NEW
YORK STATE WORKERS' COMPENSATION BOARD,
and CAPITAL ONE BANK USA, N.A.,

         Defendants.
----------------------------------------X

APPEARANCES
For Plaintiffs:
Home Loan Investment
Bank, F.S.B. and
Synergy Realty
Group, Inc.     William J. Geller, Esq.
         Adam Leitman Bailey, P.C.
         One Battery Park Plaza, 18th Floor
         New York, NY 10271

For Defendants:
Goodness & Mercy, Inc.,
Mary Gilliam, and
Harriet A. Gilliam  Harriet A. Gilliam, Esq.
         Law Office of Harriet A. Gilliam
         21 W Second St
         P.O. Box 1485
         Riverhead, NY 11901

SEYBERT, District Judge:

    On July 31, 2012, the Honorable Arthur D. Spatt[1] granted Home Loan Investment Bank, F.S.B. and Synergy Realty Group, Inc. (together "Plaintiff") a Judgment of Foreclosure and Sale (the

---

[1] This matter was transferred to the undersigned on April 11, 2018. (See Recusal Order, Docket Entry 108.)

"Foreclosure Judgment") against Goodness & Mercy, Inc. ("Goodness & Mercy"), Mary Gilliam, and Harriet A. Gilliam (collectively "Defendants") to foreclose on two mortgages. (Foreclosure J., Docket Entry 57.) The Foreclosure Judgment identifies the two mortgaged premises as 67 East Main Street, Riverhead, New York, 11901 (the "East Main Street Property") and 23 Midway Drive, Riverhead, New York 11901 (the "Midway Drive Property"). (Foreclosure J. at 1.) Further, it provides that the East Main Street Property would be sold first, "following which Plaintiff may make an application for a determination that a deficiency remains following that [s]ale, which application, in the event of a deficiency, may be joined with a request for an order permitting the sale of the Midway Drive Property." (Foreclosure J. at 4.)

On June 8, 2017, the court-appointed Master conducted a sale of the East Main Street Property, which was sold to Plaintiff for $500,000. (Report of Sale, Docket Entry 85, ¶¶ 1-2.) After the sale, the Master concluded that $188,330.39 remains due on the Foreclosure Judgment. (Report of Sale ¶ 7.) The Master filed his Report of Sale on September 15, 2017.

Currently pending before the Court are: (1) Defendants' motion for a hearing regarding their objections to the Master's Report of Sale, (Docket Entry 86); (2) Defendants' motion for an inquest on the sale price and to vacate the sale, (Docket Entry 87); (3) Defendants' motion to set aside the Report of Sale (Docket

Entry 88); (4) Plaintiff's motion for an order of sale for the Midway Drive Property and to confirm the Report of Sale, (Docket Entry 89); (5) Plaintiff's motion for a Writ of Assistance to put them in possession of the East Main Street Property, (Docket Entry 89); (6) Plaintiff's motion to substitute Synergy Realty Group, Inc. as Plaintiff in this action, (Docket Entry 89); (7) Plaintiff's motion to vacate a notice of pendency, (Docket Entry 92); and (8) Plaintiff's motion for sanctions (Docket Entry 94). On April 25, 2018, the Court referred the motions to Magistrate Judge Anne Y. Shields for a report and recommendation. (Referral Order, Docket Entry 112.)

On August 31, 2018, Judge Shields issued her Report and Recommendation. (R&R, Docket Entry 113.) Judge Shields recommends that Defendants' motions be denied and that Plaintiff's motions for an order of sale, to confirm the Report of Sale, to substitute Synergy Realty Group, Inc., and to vacate a notice of pendency be granted. (R&R at 2.) Additionally, she recommends that Plaintiff's motion for a Writ of Assistance be denied without prejudice to renewal and that Plaintiff's motion for sanctions be denied without prejudice to renewal upon a full evidentiary hearing. (R&R at 2.) On September 14, 2018, both parties filed objections to the R&R. (Pl.'s Obj., Docket Entry 118; Defs.' Obj., Docket Entry 119.) Plaintiff's objections are limited to the R&R's recommendations on the motion for a Writ of Assistance and the

3

motion for sanctions.  On September 28, 2018, both parties filed responses opposing the other's objections.  (Pl.'s Opp. Br., Docket Entry 120; Defs.' Opp. Br., Docket Entry 121.)

Upon review of Judge Shields' R&R and the parties' submissions, Plaintiff's objections are OVERRULED, Defendants' objections are OVERRULED, and Judge Shields' R&R is ADOPTED in its entirety.

DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous."  Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition.  See FED. R. CIV. P. 72(b)(2).  Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

The Court has considered the objections of both parties and conducted a de novo review of Judge Shields' well-reasoned and thorough R&R. The Court agrees with her reasoning and recommendations and ADOPTS the R&R in its entirety.

## CONCLUSION

Upon review of Judge Shields' R&R and the parties' submissions, Plaintiff's objections (Docket Entry 118) are OVERRULED, Defendants' objections (Docket Entry 119) are OVERRULED, and Judge Shields' R&R (Docket Entry 113) is ADOPTED in its entirety.

The disposition of the motions is as follows:

(1)  Defendants' motion for a hearing regarding their objections to the Report of Sale (Docket Entry 86) is DENIED.

(2)  Defendants' motion for an inquest on the sale price and to vacate the sale (Docket Entry 87) is DENIED.

(3)  Defendants' motion to set aside the Report of Sale (Docket Entry 88) is DENIED.

(4) Plaintiff's motions for an order of sale for the Midway Drive Property, to confirm the Report of Sale, and to substitute a party (Docket Entry 89) are GRANTED. Plaintiff's motion for a writ of assistance (Docket Entry 89) is DENIED WITHOUT PREJUDICE and with leave to renew in accordance with Judge Shields' R&R. The Report of Sale (Docket Entry 85) is CONFIRMED. Plaintiff is directed to file a proposed Judgment of Foreclosure and Sale which includes a proposed date for the sale of the Midway Drive Property, publication method, and sums due for the Court's consideration within fourteen (14) days of the date of this Memorandum and Order. Plaintiff is further directed to renew its motion for a writ of assistance within thirty (30) days of the date of this Memorandum and Order, and if the procedural requirements have been satisfied, the Court will issue the writ expeditiously. The Individual Defendants are directed to make themselves available for service and warned that the Court will not tolerate any further attempts to evade service. Further, the Clerk of the Court is directed to SUBSTITUTE Synergy Realty Group, Inc. for Home Loan Investment Bank, F.S.B. as Plaintiff in this action.

(5) Plaintiff's motion to vacate a notice of pendency, (Docket Entry 92) is GRANTED. The Notice of Pendency filed in the New York State Supreme Court, Suffolk County, on October 31, 2017 (Docket Entry 92-9) is VACATED. Further, Plaintiff is entitled to an award of attorneys' fees and costs in connection with this motion and is directed to file a motion for attorneys' fees and costs, along with the appropriate documentation, within thirty (30) days of the date of this Memorandum and Order.

(6) Plaintiff's motion for sanctions (Docket Entry 94) is DENIED WITHOUT PREJUDICE to renewal upon a full evidentiary hearing. Plaintiff, if it chooses, is directed to file a renewed sanctions motion and supporting evidence within thirty (30) days of the date of this Memorandum and Order. If the motion is renewed, Defendants are directed to file their opposition, including all relevant evidence, within sixty (60) days of the date of this Memorandum and

Order.  Upon the completion of briefing, the motion is HEREBY REFERRED to Judge Shields for a full evidentiary hearing.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  September  30 , 2018
        Central Islip, New York